**Robert D. SCHLITTERS and Tamera Schlitters, Plaintiffs–Appellants,**

**v.**

**STATE of Colorado and the Colorado State Department of Highways, Defendants–Appellees.**

**No. 89CA0226.**

Colorado Court of Appeals, Div. V.

Dec. 7, 1989.

Rehearing Denied Jan. 4, 1990.

Bailey & Finegan, Laura D. DeLeo and James L. Finegan, Lakewood, for plaintiffs-appellants.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and David R. Little, Asst. Atty. Gen., Denver, for defendants-appellees.

Opinion by Judge JONES.

In this negligence action, plaintiffs, Robert D. and Tamera Schlitters, appeal from a judgment of dismissal entered in favor of defendants, the State of Colorado and the Colorado State Department of Highways. We reverse.

In October 1986, Robert D. Schlitters was driving his car southbound on High-

way 285. A boulder fell from an adjacent rock slope located within the state's right of way, onto the highway ahead of him. It rolled downhill in Schlitter's lane of travel and struck his car with sufficient force to overturn the vehicle.

Plaintiffs filed a complaint seeking damages for the injuries they suffered as the result of defendants' alleged negligent failure to design, construct, maintain, or improve a portion of Highway 285.

Defendants filed a motion to dismiss on the basis that they are immune from liability because their duty of care was limited to physical defects in the paved highway surface and that, although they had made efforts to study or control falling rocks, it did not extend to boulders falling onto the highway. Defendants also filed a motion for attorney fees and costs pursuant to §§ 13–16–113(2) and 13–17–201, C.R.S. (1987 Repl.Vol. 6A).

The trial court granted the motion to dismiss, concluding that the waiver of sovereign immunity in § 24–10–106(1)(d), C.R.S. (1988 Repl.Vol. 10A) did not apply to the circumstances described in the complaint. It also awarded defendants' attorney fees and costs.

The issue here is whether the trial court erred in concluding that, under § 24–10–106(1)(d), which applies to injuries occurring on or after July 1, 1986, defendants are immune from liability under the circumstances alleged in the complaint. We conclude that the trial court did err.

Section 24–10–106(1), C.R.S. (1988 Repl. Vol. 10A), provides, in relevant part, that:

"Sovereign immunity *is waived* by a public entity in an action for injuries resulting from:

. . . .

"(d) A dangerous condition of a public highway ... on that portion of such highway ... which was designed and intended for public travel or parking thereon." (emphasis supplied)

"Dangerous condition" is defined in § 24–10–103(1), C.R.S. (1988 Repl.Vol. 10A) as follows:

" 'Dangerous condition' means a physical condition of a facility or the use thereof which constitutes an unreasonable risk to the health or safety of the public, which is known to exist or which in the exercise of reasonable care should have been known to exist and which condition is proximately caused by the negligent act or omission of the public entity in constructing or maintaining such facility. For purposes of this subsection (1), a dangerous condition should have been known to exist if it is established that the condition had existed for such a period of time and was of such a nature that, in the exercise of reasonable care, such condition and its dangerous character should have been discovered."

█ "The apparent purpose of the general assembly in not extending sovereign immunity to actions for injuries resulting from dangerous conditions of roads or streets was to make governments liable for failure to maintain those facilities in a condition safe for public use." *Stephen v. City & County of Denver*, 659 P.2d 666 (Colo.1983). And as the Stephens court noted, if the meaning of "dangerous condition" is limited solely to the physical condition of the road, this purpose would not be fulfilled.

We reject defendants' contention that the *Stephen* ruling is no longer viable. Although § 24–10–106(1)(d) was partially amended after the decision, the amendments did not alter the rule that a governmental entity can be suable for injuries resulting from a dangerous condition on a highway. We conclude, furthermore, that, as regards the *Stephen* ruling, the amendments to § 24–10–106(1)(d), C.R.S. (1988 Repl.Vol. 10A) are meant primarily to delete "traffic signs, signals, or markings, or the lack thereof" from the statutory definition of "the phrase 'physically interferes with the movement of traffic.' " *See* Colo. Sess.Laws 1986, ch. 166, § 24–10–106 at 875–876.

█ The principal sponsor of the amended statute has stated that it also provides "that a dangerous condition on a roadway is one which *physically* interferes with the movement of traffic." Berry & Tanoue, *Amendments to the Colorado Govern-*

*mental Immunity Act,* 15 Colo. Lawyer 1193, 1194 (July 1986) (emphasis in original). However, even so, it would be specious to hold that a foreseeable condition, *see* § 24-10-103(1), C.R.S. (1988 Repl.Vol. 10B), whether it exists on or off the "road surface," that has and will continue to present physical obstructions to traffic *on the travelled portion of the road* is not a dangerous condition. Thus, a dangerous condition may exist if there has been a failure to maintain the roadside so as to avoid the presence of obstructions on the traveled portion of a state highway. *See Stephen v. City & County of Denver, supra.*

In ruling on a motion to dismiss for failure to state a claim, the trial court must accept the facts of the complaint as true and determine whether, under any theory of law, plaintiff is entitled to relief. If relief could be granted under such circumstances, then the complaint is sufficient. *Denver & Rio Grande Western R.R. Co. v. Wood,* 28 Colo.App. 534, 476 P.2d 299 (1970).

▪ Here, plaintiffs' complaint alleged that the condition of the highway was dangerous, that defendants had previous knowledge of numerous similar accidents and fatalities caused by falling boulders on this segment of Highway 285, and that defendants negligently failed to install devices that would have prevented boulders from this unstable slope from falling onto the travelled portion of the highway. We conclude that these allegations of unreasonable risk to public health or safety are sufficient to state a claim for relief under the statutory exception to sovereign immunity. Thus, the trial court erred in dismissing the complaint and in awarding costs and attorney fees to defendants.

The judgment is reversed and the cause is remanded to the trial court for reinstatement of the complaint.

RULAND and DUBOFSKY, JJ., concur.