David J. MOLDOVAN, Plaintiff–Appellant,

v.

The STATE of Colorado and The Colorado Department of Highways, Defendants–Appellees.

No. 90CA1286.

Colorado Court of Appeals, Div. II.

Oct. 24, 1991.

Rehearing Denied Nov. 21, 1991.

Certiorari Granted April 27, 1992.

Bragg, Baker & Cederberg, P.C., James A. Cederberg, Denver, for plaintiff-appellant.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Timothy R. Arnold, Deputy Atty. Gen., Gregg E. Kay, First Asst. Atty. Gen., Denver, for defendants-appellees.

Opinion by Judge ROTHENBERG.

Plaintiff, David J. Moldovan, appeals the summary judgment entered in favor of defendants, the State of Colorado and the Colorado Department of Highways. We reverse and remand for further proceedings.

In August 1987, plaintiff was driving a motorcycle on Colorado Highway 96 when a calf ran onto the highway. According to the allegations in the complaint, plaintiff was unable to avoid the calf, hit it, and was severely injured.

Colorado Highway 96 is a federal aid highway. Immediately to its south is pasture land owned by a co-defendant who is not a party to this appeal. A right-of-way fence separates the highway from the private land. According to plaintiff, the calf was owned by the landowner and had escaped through a gap in the fence. Plaintiff claimed that the fence was in disrepair with gaps in its lower strands large enough for cattle to pass under.

Plaintiff sued the State of Colorado and the Colorado Department of Highways. He stated two claims for relief: (1) negligence in failing to maintain the right-of-way fence as required under § 35–46–111, C.R.S. (1984 Repl.Vol.) (the fence law); and (2) negligence *per se*. Also, plaintiff claimed that the Colorado Governmental Immunity Act was unconstitutional.

Defendants filed a motion for summary judgment arguing that: (1) the Colorado Governmental Immunity Act barred plaintiff's claims; (2) plaintiff's negligence claim was without merit because the fence law does not expressly impose a duty of care upon the state for plaintiff's benefit; and (3) plaintiff's negligence *per se* claim should be dismissed because the fence law does not include plaintiff within the class of persons it was enacted to protect.

The trial court found that plaintiff had failed to prove the Colorado Governmental Immunity Act unconstitutional. Next, the trial court found that there existed genuine issues of material fact concerning both the fence's condition at the time of the accident and whether that condition constituted a "dangerous condition" which physically interfered with the movement of traffic on the highway. Based on that finding, the court concluded that defendants were not entitled to summary judgment on the grounds of sovereign immunity.

However, the court also found that defendants owed no duty to plaintiff, and summary judgment was proper on that basis. Finally, the court found that: "[A]lthough the fence law does not bar a negligence action ... it cannot provide the basis for a negligence *per se* claim."

I.

Initially, we reject defendants' contention that summary judgment should have been granted in favor of the state defendants on the ground of sovereign immunity. The primary thrust of their argument is that *Schlitters v. State*, 787 P.2d 656 (Colo.App. 1989) was wrongly decided.

■ In *Schlitters*, a division of this court ruled that a dangerous condition within the

meaning of § 24–10–103(1), C.R.S. (1988 Repl.Vol. 10A) may exist if there has been a failure by the state highway department to maintain the roadside so as to avoid the presence of obstructions on the traveled portion of a state highway. We decline to depart from the holding in *Schlitters.* Hence, the exception to sovereign immunity set out in § 24–10–103(1) applies here.

## II.

The primary issue on appeal is whether the trial court erred in ruling that defendants did not owe plaintiff a duty of care. We hold that the trial court did err.

■ In order to establish a claim for negligence, a plaintiff must show that defendant owed plaintiff a duty. That duty may arise from a legislative enactment or from the common law. *Board of County Commissioners v. Moreland,* 764 P.2d 812 (Colo.1988). Also, under certain conditions a violation of a statute or ordinance adopted for the public safety may constitute negligence *per se* and impose a duty. *See Lyons v. Nasby,* 770 P.2d 1250 (Colo. 1989).

■ Ordinarily, whether the defendant owes a duty is a question of law to be determined by the court. *Board of County Commissioners v. Moreland, supra.* Here, in ruling that the defendants did not owe a duty to the plaintiff, the trial court relied on *Board of County Commissioners v. Moreland, supra.* Although this presents a close question, we conclude that the facts before us are distinguishable from those in *Moreland.*

■ Moreland was badly injured when he fell from an unenclosed deck on a privately owned cabin. He successfully sued the County of La Plata alleging that the County's failure to require construction of a guardrail around the deck, as required by the County's building code, caused his injuries. However, our supreme court set aside the judgment and held that Moreland had no civil remedy against *the County* for damages resulting from the County's failure to enforce its building code, absent a clear expression of legislative intent to create such a remedy.

Thus, we find two important distinctions in *Moreland:* first, Moreland was injured on private property; and secondly, the County owed no direct duty to him. Rather, the County only had a general regulatory duty to see that property owners complied with the building code.

In contrast, here, plaintiff was injured on the state's own property. And, also unlike *Moreland,* the State of Colorado has imposed a direct, statutory duty upon the Colorado Department of Highways to maintain fences adjacent to state highways. Section 35–46–111, C.R.S. (1990 Cum.Supp.) provides:

*It is the duty of the division of highways to maintain right-of-way fences along and adjacent to all federal aid highways constructed by the division, where such highways are maintained by the division....* (emphasis added)

The General Assembly did not set forth its exact purpose for requiring the state to maintain right-of-way fences nor did it identify the persons to whom any duty was owed. Thus, we must interpret the statute using generally accepted rules of statutory construction.

■ It is presumed that the General Assembly intends a just and reasonable result when it enacts a statute; a statutory construction that leads to absurd results will not be followed. Additionally, a statute is to be construed as a whole to give a consistent, harmonious,. and sensible effect to all its parts. *See Ouray v. Olin,* 761 P.2d 784 (Colo.1988).

The only reported case suggesting an interpretation of § 35–46–111 is *Biella v. State Department of Highways,* 652 P.2d 1100 (Colo.App.1982), *aff'd,* 672 P.2d 529 (Colo.1983). That case was determined on another issue. However, there, one judge of this court concluded that the "likely purpose of § 35–46–111 is to protect motorists on the highway from the danger of trespassing livestock wandering into their path and causing an accident." *See Biella, supra* at 1104 (Kelly, J., dissenting).

Judge Kelly's interpretation of the statute is also consistent with the Department of Highways' own interpretation set forth in the Department's "Manual of Maintenance Procedures" which refers to the fences as "safety devices." Although this court is not bound by the Department's interpretation, counsel for defendant has not suggested any other reasonable purpose for enactment of the statute.

 In summary, plaintiff was injured on a state highway, and the General Assembly has imposed upon itself a clear duty to maintain fences adjacent to its highways. Further, the logical purpose of § 35–46–111 is to keep the highways safe for motorists such as plaintiff. And, if plaintiff's allegations are taken as true, it was the state's own negligence in failing to perform its statutory duty under § 35–46–111 which proximately caused plaintiff's injuries.

Given these circumstances, we conclude that the General Assembly has sufficiently expressed an intent to create a remedy for damages in the event of a breach of that duty. *Cf. Board of County Commissioners v. Moreland, supra.*

### III.

Summary judgment is proper when the pleadings, affidavits, depositions, or admissions establish that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *See Pueblo West Metropolitan District v. Southeastern Colorado Water Conservancy District*, 689 P.2d 594 (Colo.1984).

Here, the trial court erred in concluding that the state defendants did not owe a duty to plaintiff and therefore erred in granting summary judgment for the defendants. Also, genuine issues of material fact exist as to whether the state defendants actually breached their duty under § 35–46–111, whether that alleged breach of duty caused plaintiff's injuries, and whether there are any other defenses available to the defendants such as contributory negligence.

The judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

STERNBERG, C.J., and TURSI, J., concur.