**Mary Ann BELFIORE, f/k/a Mary Ann Holub, Plaintiff–Appellant,**

v.

**COLORADO STATE DEPARTMENT OF HIGHWAYS, Defendant–Appellee.**

No. 91CA1667.

Colorado Court of Appeals, Div. V.

Jan. 14, 1993.

Lawrence Rotenberg, Denver, for plaintiff-appellant.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Jane R. Christman, First Asst. Atty. Gen., Denver, for defendant-appellee.

Opinion by Judge HUME.

In this tort action to recover damages for personal injuries, plaintiff, Mary Ann Belfiore, appeals from the judgment which dismissed her complaint against defendant, the Colorado State Department of Highways. We affirm in part and reverse in part.

The complaint alleged that on January 11, 1988, as plaintiff was driving east on Interstate 70 in Garfield County, her automobile was struck by a large boulder, destroying the vehicle and causing severe and permanent injuries to plaintiff. The complaint further alleged, in relevant part, that the collision of the boulder with plaintiff's vehicle was caused by the Department's negligent failure to maintain, improve, and safeguard the highway properly. In addition, according to the complaint, the Department had notice that the adjacent landowner's blasting activity constituted a dangerous condition which could affect the safety of motorists using the highway.

Pursuant to C.R.C.P. 12(b), the Department filed a motion to dismiss the complaint on the grounds that its sovereign immunity had not been waived for injuries caused by the regulation of private blasting activities and that the complaint failed to state a claim upon which relief could be granted. In accordance with § 24–10–108, C.R.S. (1988 Repl.Vol. 10A), discovery was suspended pending determination of the motion.

Relying on *Schlitters v. State of Colorado,* 787 P.2d 656 (Colo.App.1989), plaintiff filed a response in opposition to the Department's motion asserting that sovereign immunity is waived as to actions for injuries caused by dangerous conditions on state highways pursuant to § 24–10–106(1)(d), C.R.S. (1988 Repl.Vol. 10A). The Department filed a reply, asserting that *Schlitters* was factually distinguishable.

Based upon the parties' submissions, the trial court dismissed the complaint, concluding that the dangerous condition which allegedly caused the accident was not created by the Department.

The primary issue for our determination is whether the complaint sufficiently stated a claim upon which relief could be granted. We conclude that it did and, therefore, reverse the judgment insofar as it pertains to plaintiff's claims for injuries resulting from a dangerous condition of a public highway.

■ In ruling on a motion to dismiss for failure to state a claim, the trial court must accept the facts of the complaint as true and determine whether, under any theory of law, plaintiff would be entitled to relief. *Schlitters v. State of Colorado, supra.* If relief could be granted under such circumstances, then the complaint is sufficient.

■ The Governmental Immunity Act provides that sovereign immunity is waived by a public entity in an action for injuries resulting from "a dangerous condition of a public highway ... which physically interferes with the movement of traffic on the paved portion ... of any public highway which is a part of the state highway system on that portion of such highway ... which was designed and intended for public travel." Section 24–10–106(1)(d), C.R.S. (1988 Repl.Vol. 10A).

The Act also defines a "dangerous condition" as follows:

'Dangerous condition' means a physical condition of a facility ... which constitutes an unreasonable risk to the health or safety of the public, which is known to exist *or which in the exercise of reasonable care should have been known to exist* and which condition is proximately caused by the *negligent act or omission* of the public entity in constructing or *maintaining* such facility.... A dangerous condition should have been known to exist if it is established that the condition had existed for such a period of time and was of such a nature that, in the exercise of reasonable care, such condition and its dangerous character should have been discovered.... Section 24–

10–103(1), C.R.S. (1988 Repl.Vol. 10A) (emphasis supplied).

In *Schlitters v. State of Colorado, supra,* this court held that such a "dangerous condition" may exist if there has been a failure to maintain the roadside so as to avoid the presence of an obstruction, such as a boulder, on the traveled portion of a state highway. Our Supreme Court ruled similarly in *State of Colorado v. Moldovan,* 842 P.2d 220 (Colo.1992).

Here, the complaint alleged that the plaintiff's injuries were caused by the Department's failure properly to maintain the right-of-way. In the alternative, the complaint alleged that the Department had notice that the blasting activities on the property adjacent to the highway created a potentially dangerous condition affecting the safety of the motorists using the highway and that appropriate steps were not taken to avoid the danger.

Viewing these allegations as true and in the light most favorable to plaintiff, we conclude that, although factual questions remain, the complaint sufficiently stated a claim for injuries resulting from the dangerous condition and negligent maintenance of a public highway. Accordingly, we conclude that the trial court erred in dismissing those claims. *See State of Colorado v. Moldovan, supra; Schlitters v. State of Colorado, supra.*

Plaintiff also contends that the trial court erred in dismissing her claims based upon the Department's allegedly willful and wanton conduct. We perceive no error.

A public entity may not be held liable for punitive or exemplary damages or for damages for outrageous conduct. Section 24–10–114(4), C.R.S. (1988 Repl.Vol. 10A). Accordingly, we affirm the trial court's dismissal of those claims.

Based upon these conclusions, we consider it unnecessary to address the parties' other arguments.

The judgment is affirmed in part and reversed in part, and the cause is remanded to the trial court for reinstatement of plaintiff's claims for injuries resulting from a dangerous condition and negligent maintenance of a public highway.

JONES and MARQUEZ, JJ., concur.