Alonso G. CORDOVA; Mark Allen Cordova; Theresa Marie Randall; and Thomas Anthony Cordova, Plaintiffs–Appellees,

v.

PUEBLO WEST METROPOLITAN DISTRICT and Dan Corsentino, Sheriff of the County of Pueblo, Defendants–Appellants.

No. 97CA1266.

Colorado Court of Appeals, Division IV.

Dec. 24, 1998.

Rehearing Denied Jan. 21, 1999.

Certiorari Granted Sept. 7, 1999.

Richard R. Macrorie, Pueblo, Colorado, for Plaintiffs–Appellees

Senter Goldfarb & Rice, L.L.C., William L. Senter, Peter H. Doherty, David L. Zwisler, Denver, Colorado, for Defendant–Appellant Pueblo West Metropolitan District

Vaughan & DeMuro, Gordon L. Vaughan, Shelby Felton–Schnack, Colorado Springs, Colorado, for Defendant–Appellant Dan Corsentino

Opinion by Judge KAPELKE.

In this wrongful death action arising from an automobile accident, defendants, Pueblo West Metropolitan District (District) and Dan Corsentino, Sheriff of Pueblo County (Sheriff), appeal from orders of the trial court denying their respective motions to dismiss for lack of subject matter jurisdiction based on assertions of governmental immunity. We affirm in part, reverse in part, and remand with directions.

Erlinda A. Cordova (deceased) died as a result of injuries she sustained on July 30, 1995, when her car collided with a patrol car driven by a deputy sheriff of Pueblo County. Plaintiff Alonso G. Cordova is the surviving husband of deceased, and plaintiffs Mark Allen Cordova, Theresa Marie Randall, and Thomas Anthony Cordova are her surviving children.

In their first claim in the complaint, plaintiffs allege that the District created a dangerous condition of a road or street by having negligently maintained a median strip which contained trees and bushes that obstructed the vision of the deceased and contributed to her injuries and eventual death.

In their second claim, plaintiffs allege that the Sheriff is liable under the doctrine of *respondeat superior* for the negligent and willful and wanton conduct of the deputy sheriff in having failed to drive with due regard for the safety of the deceased. Spe-

cifically, they allege that, at the time of the accident, the deputy was driving 60 miles per hour in a 35 mile per hour zone while approaching a dangerous intersection affording limited visibility.

The District and the Sheriff filed separate motions to dismiss under C.R.C.P. 12(b)(1) based on the Colorado Governmental Immunity Act, § 24–10–101, et seq., C.R.S. 1998(GIA). The trial court denied both motions, and this appeal followed.

## I.

The District contends that the trial court erred in determining that its governmental immunity was waived pursuant to § 24–10–106(1)(d)(I), C.R.S, 1998. We agree.

Section 24–10–106, C.R.S.1998, provides that sovereign immunity shall be a bar to any action against a public entity for injuries which lie in tort or could lie in tort, except as provided in other specified statutory sections.

Plaintiffs rely on § 24–10–106(1)(d)(I), which provides in pertinent part that sovereign immunity is waived by a public entity in an action for injuries resulting from a "dangerous condition of a public highway, road, or street which physically interferes with the movement of traffic on the paved portion" of such public highway, street, or road.

In the trial court, plaintiffs urged, and the trial court agreed, that by allowing trees and bushes to grow to the point of obscuring vision at the intersection where the accident occurred, the District had created a dangerous condition "which physically interferes with the movement of traffic on the paved portion of the roadway."

■ Because the immunity created by the GIA is in derogation of the common law, immunity provisions must be strictly construed, while waiver provisions are entitled to deferential construction in favor of victims who have been injured by the negligence of governmental employees. *Walton v. State,* 968 P.2d 636 (Colo.1998); *Bertrand v. Board of County Commissioners,* 872 P.2d 223 (Colo.1994). The issue of sovereign immunity is one of subject matter jurisdiction, and the plaintiff has the burden under C.R.C.P. 12(b)(1) to prove jurisdiction. *Hallam v.*

*City of Colorado Springs,* 914 P.2d 479 (Colo. App.1995).

■ Because the interpretation of provisions of the GIA is a question of law, rather than a factual determination, the trial court's interpretation is subject to independent review. *Fogg v. Macaluso,* 892 P.2d 271 (Colo. 1995).

■ In construing statutory provisions, a reviewing court must attempt to give effect to the intent of the General Assembly and must afford the statutory terms their plain and ordinary meaning. *Swieckowski v. City of Fort Collins,* 934 P.2d 1380 (Colo.1997).

The statutory provision at issue here, § 24–10–106(1)(d)(I), creates a waiver of governmental immunity only if the dangerous condition of the roadway "*physically* interferes" with the movement of traffic.

■ We disagree with the trial court's conclusion that overgrown trees and bushes in a median would constitute a physical interference with the movement of traffic on the paved portion of the street. The street itself was clear and free of any objects or other obstructions. While the vegetation is alleged to have impaired the ability of drivers to view traffic driving on the other side of the median strip, that condition does not constitute a "physical" interference with the movement of traffic.

■ Further, in our view, a contrary conclusion can be reached here only by ignoring and failing to give effect to the plain meaning of the word "physically," used by the General Assembly. Such an interpretation would conflict with the principle that we must, if possible, give effect to every word of a statute. *Charlton v. Kimata,* 815 P.2d 946 (Colo. 1991).

Plaintiffs point to the statement by the supreme court in *State v. Moldovan,* 842 P.2d 220, 224 (Colo.1992), that a "dangerous condition on a public highway that 'physically interferes with the movement of traffic on the paved portion' of the highway is not limited only to those dangerous conditions that have their physical source in the highway surface itself."

In *Moldovan,* however, the absence of a right-of-way fence enabled a cow to run onto the highway, thereby creating a dangerous condition that physically interfered with the movement of traffic. The cow physically obstructed the road.

Similarly, in the other principal cases relied on by plaintiffs and cited by the trial court in its ruling, the dangerous condition resulted in actual physical obstructions of the roadway. In *Hallam v. City of Colorado Springs, supra,* immunity was held to be waived where an accident resulted from plaintiff's striking a dirt embankment at the end of the road.

Also, in both *Belfiore v. Colorado State Department of Highways,* 847 P.2d 244 (Colo.App.1993), and *Schlitters v. State,* 787 P.2d 656 (Colo.App.1989), the alleged dangerous conditions had resulted in boulders falling onto the roadway injuring the respective plaintiffs.

Unlike in those cases, the alleged dangerous condition here, namely the overgrown trees and bushes, neither constituted nor caused an actual physical interference with the movement of traffic on the paved portion of the roadway. We therefore find those cases distinguishable.

Accordingly, we conclude that the trial court erred in holding that the plaintiffs had met their burden of establishing that their claim against the District fell within a statutory exception to the immunity granted by the GIA.

In light of our disposition, we need not address the District's additional contention that the trial court erred in determining that the landscaping on the median would be a condition relating solely to the "design of a facility" and therefore could not support a claim for waiver of immunity for an action based on the dangerous condition of a roadway.

## II.

The Sheriff urges that the trial court erred in ruling that there was a waiver of immunity because the deputy was not responding to an actual emergency and because the deputy's operation of the patrol car endangered life and property. We perceive no basis for reversal.

At the time of the accident, the deputy was driving to a residence in response to a burglar alarm. He was driving in excess of the posted speed limit and did not slow down upon entering the intersection where the collision occurred. The alarm turned out to be a false one, as had previous alarms at the same residence.

Because we conclude that the record supports the trial court's alternative holding, we need not consider the correctness of its ruling that the deputy was not responding to an actual "emergency."

As discussed above, the GIA provides generally for governmental immunity for claims which lie in tort or could lie in tort. Pursuant to § 24–10–106(1)(a), C.R.S.1998, however, immunity is waived as to actions for injuries resulting from the "operation of a motor vehicle, owned or leased by a public entity, by a public employee while in the course of employment except emergency vehicles operating within the provisions of section 42–4–108(2) and (3) . . . ."

Thus, as an exception to the waiver provision, immunity *is* granted as to emergency vehicles being operated in compliance with the cited statutory provisions.

As pertinent here, § 42–4–108(2), C.R.S. 1998, allows the driver of an authorized emergency vehicle to exceed the lawful speed limits so long as the driver "does not endanger life or property."

Any factual dispute upon which the issue of subject matter jurisdiction may turn is for the trial court to resolve. Its findings will not be disturbed unless they are clearly erroneous. *Swieckowski v. City of Fort Collins, supra; Fogg v. Macaluso, supra.*

Here, the trial court found that the deputy's operation of the patrol car actually endangered life and property. That finding is supported by evidence in the record indicating that the deputy was driving at least 15 miles over the posted speed limit and that he did not slow down upon entering the intersection where the accident occurred.

Plaintiffs introduced evidence that the policies and procedures manual of the sheriff's office required officers driving emergency vehicles "to slow or stop when approaching an intersection to ensure their entry at the intersection can be made safely...."

Because the evidence supports the court's finding that the deputy's operation of his vehicle endangered life and property, we find no clear error. Even if we assume that the deputy was responding to an emergency call, under the circumstances here, by driving in a manner that endangered life and property, he was acting outside the provisions of § 42–4–108(2). The court therefore properly held that immunity is waived as to the claim against the Sheriff.

Accordingly, we conclude that the court properly denied the Sheriff's motion to dismiss under C.R.C.P. 12(b)(1).

The order denying the Sheriff's motion to dismiss is affirmed; the order denying the District's motion to dismiss is reversed; and the cause is remanded for further proceedings consistent with this opinion.

Judge NEY and Judge ROY, concur.