**Karen SPRINGER, Plaintiff–Appellee,**

v.

**CITY AND COUNTY OF DENVER, a municipal corporation, Defendant–Appellant.**

No. 98CA0545.

Colorado Court of Appeals, Division III.

May 13, 1999.

Rehearing Denied June 24, 1999.

Certiorari Granted Dec. 20, 1999.

Rossi, Cox, Kiker & Inderwish, P.C., John J. Rossi, John H. Inderwish, Janet S. Drake, Aurora, Colorado, for Plaintiff–Appellee

Daniel E. Muse, City Attorney, Stan M. Sharoff, Assistant City Attorney, Denver, Colorado, for Defendant–Appellant

Opinion by Judge ROY.

In this premises liability action, defendant, the City and County of Denver (City), brings this interlocutory appeal from a trial court order denying its motion to dismiss the complaint of plaintiff, Karen Springer, pursuant to § 24–10–108, C.R.S.1998, on the basis that the action is barred by governmental immunity. We reverse and remand with directions.

Plaintiff brought this action seeking compensation for injuries she allegedly sustained when she fell from her wheelchair while attempting to enter the Temple Buell Theater (Theater), a facility owned, maintained, and operated by the City. Plaintiff alleged that her wheelchair stopped abruptly when it struck a threshold cover plate that was protruding approximately one inch above the immediate surrounding surface, causing her to fall forward out of the chair. Plaintiff alleged that the threshold was a dangerous condition in a public facility.

Following some initial discovery, the City filed a motion to dismiss under C.R.C.P. 12(b)(1) for lack of subject matter jurisdiction under the Colorado Governmental Immunity Act (the Act), § 24–10–101, et seq., C.R.S. 1998.

The trial court denied the City's motion, finding that its failure properly to construct and maintain the protruding threshold cover plate created a "dangerous condition" within the meaning of § 24–10–106(1)(c), C.R.S. 1998, of the Act. The City brings this interlocutory appeal solely from the trial court's determination of a waiver of sovereign immunity under the Act.

## I.

The City contends that it was error to deny it immunity under the Act based on the negligence of its independent general contractor and subcontractor with respect to the installation of the threshold and its failure to detect the dangerous condition on inspection during construction. We agree.

Public entities and their employees are immune from liability in all claims for injury which lie in tort or could lie in tort except to the extent waived by the Act. Section 24–10–106(1), C.R.S.1998 (public entity); § 24–10–118(2), C.R.S.1998 (public employee). Immunity is waived for a dangerous condition in a public building. Section 24–10–106(1)(c).

A "dangerous condition" is defined in § 24–10–103(1), C.R.S.1998, as follows:

'Dangerous condition' means a *physical condition* of a facility or the use thereof which constitutes an unreasonable risk to the health or safety of the public, which is known to exist or which in the exercise of reasonable care should have been known to exist and *which condition is proximately caused by the negligent act or omission of the public entity in constructing or maintaining such facility.* . . . A dangerous condition shall not exist solely because the design of any facility is inadequate. (emphasis added)

 Whether immunity has been waived under the Act is an issue of subject matter jurisdiction, may be raised pursuant to C.R.C.P. 12(b)(1), and the trial court's determination will not be reversed unless it is clearly erroneous. *Trinity Broadcasting of Denver, Inc. v. City of Westminster*, 848 P.2d 916 (Colo.1993). A plaintiff has the burden of proving jurisdiction. *Capra v. Tucker*, 857 P.2d 1346 (Colo.App.1993). Because governmental immunity is in derogation of Colorado's common law, the grant of immunity is to be strictly construed and the waiver is to be liberally or deferentially construed. *See Bertrand v. Board of County Commissioners*, 872 P.2d 223 (Colo.1994)(strictly construed); *Walton v. State*, 968 P.2d 636 (Colo.1998)(deferentially construed); *Cordova v. Pueblo*

*West Metropolitan District,* 986 P.2d 976 (Colo.App.1998) (deferentially construed).

■ If all relevant evidence has been presented to the trial court, and the underlying facts are not in dispute, the issue of waiver may be decided as a matter of law. *Johnson v. Regional Transportation District,* 916 P.2d 619 (Colo.App.1995).

Here, although we conclude ultimately that the trial court did not apply the appropriate standard and resolve the factual disputes, we may nevertheless review the City's sovereign immunity assertions without remanding for an evidentiary hearing, except as to the issue discussed below in part II.

### A.

The City first asserts that the trial court erred in concluding that it could be held vicariously liable for the alleged negligent acts or omissions of its independent general contractor and a subcontractor during a substantial remodeling of the Theater. We agree.

Plaintiff's second amended complaint alleges that

7. Defendant, City and County of Denver, had the duty to use reasonable care to construct ... its buildings in a reasonably safe condition for ordinary use.

. . . .

8. Defendant, City and County of Denver, is vicariously liable for the negligence and carelessness of PCL Construction Services, Inc. and A–1 Glass with the respect to the installation of the subject threshold plate.

As such, the amended complaint indicates that plaintiff seeks to hold the City vicariously liable for the alleged negligent acts of the independent contractors. Thus, the jurisdictional question turns on whether, under the Act, an independent contractor can be a public employee.

Here, the trial court rejected the City's argument, holding that:

[To hold otherwise] [w]ould also render the 'dangerous condition in a public facility' exception to immunity virtually meaningless. Few if any large public facilities are actually built by public employees.

. . . .

There is nothing at all in the language or structure of the governmental immunity statute to suggest that the general assembly intended governmental entities which undertake to construct such facilities to be immune from liability for dangerous conditions simply because the act of construction was delegated to a general contractor.

The Act is intended to limit the liability of governmental entities, exposing them only to the liability specifically stated in the Act. As stated in its declaration of policy, the Act provides:

[Governmental entities] should be liable for their actions and those of their agents only to such an extent and subject to such conditions as are provided by this article.

Section 24–10–102, C.R.S.1998. Furthermore, the Act provides at § 24–10–106(3), C.R.S.1998:

In addition to the immunity provided in subsection (1) of this section, a public entity shall also have the same immunity as a public employee for any act or failure to act for which a public employee would be or heretofore has been personally immune from liability.

Under § 24–10–105, C.R.S.1998, a public entity is immune from liability for all claims that lie or could lie in tort which arise out of injuries sustained from acts or omissions of its employees that occurred during the performance of the employee's duties and within the scope of the employee's employment. Excepted from this immunity are acts that are willful or wanton. Hence, recovery on this theory would be possible here only if a government employee caused the negligent or wrongful acts in a willful and wanton manner or as otherwise provided in the Act.

Section 24–10–103(4), C.R.S.1998, defines "public employee," in pertinent part, as follows:

[A]n officer, employee, servant, or authorized volunteer of the public entity, whether or not compensated, elected, or appointed, *but does not include an independent contractor* or any person who is sentenced to participate in any type of useful public service .... (emphasis added)

It is presumed that the General Assembly has knowledge of the legal import of the words it uses and that it intends each part of a statute to be given effect. Further, the legislative choice of language may be concluded to be a deliberate one calculated to obtain the result dictated by the plain meaning of the words. *People v. Guenther*, 740 P.2d 971 (Colo.1987). Here, the plain language of the Act makes clear that a public employee of a public entity does not include an independent contractor.

Plaintiff does not assert that either the general contractor or the subcontractor was an employee of the City. Nor does she dispute that the general contractor and the subcontractor were independent contractors, as that term is generally defined. The contract between the City and the general contractor supports that characterization of the relationship in that it provides, inter alia, that the contractor was to "furnish all labor, tools, supplies, equipment, materials and everything necessary for and required to do, perform and complete all of the work described, drawn, set forth, shown and included in said contract documents." This contract language is, at a minimum, consistent with an independent contractor relationship. *See* Restatement (Second) of Agency § 220 comment e (1958).

The Act's position with respect to independent contractors mirrors the common law. As a general rule, a person hiring an independent contractor to perform work is not liable for the negligence of the independent contractor. *See, e.g., Huddleston v. Union Rural Electric Ass'n*, 841 P.2d 282 (Colo.

1992); *see also* Restatement (Second) of Torts § 409 (1964). This is so because independent contractors—by definition—discharge their activities free from the control and supervision of their employer. *See Farmers' Reservoir & Irrigation Co. v. Fulton Investment Co.*, 81 Colo. 69, 255 P. 449 (1927).

Plaintiff relies, to a significant extent, on Restatement (Second) of Torts § 422 (1964). This section provides that the possessor of property is liable for unsafe conditions on property even though they result from the acts or omissions of, among others, independent contractors. The liability imposed by this section is not vicarious liability but premises liability. In this instance, the City is immune from liability except to the extent that liability is waived under the Act. The Restatement does not address, is not intended to address, and is not of any assistance in determining, the extent of that waiver. The Restatement contains a broader range of liability for property owners than is provided for in the Act.

Nor, for that matter, is Restatement (Second) of Agency § 14N (1958), upon which plaintiff relies, in part, of any assistance for the same reason.

We conclude that the trial court erred in concluding that the City could be held vicariously liable for the alleged negligent acts of its independent contractors. Accordingly, plaintiff's claims based upon the City's vicarious liability for the actions of the independent contractor must be dismissed for lack of jurisdiction.

### B.

According to plaintiff, the City used employees from the Department of Public Works to inspect the work of the independent contractor to ensure it complied with the City's uniform building code. As such, plaintiff argues that the City is directly liable for the negligent construction of the Theater because it failed to perform its independent duty to inspect the threshold cover plate during construction. We disagree.

■ At the outset, we note that the City is not liable to third parties for injuries sustained as a result of defects in premises which violate the applicable building codes and which should have been detected upon inspection by the building inspectors employed by the City. This lack of liability arises from a lack of duty and is not related to governmental immunity or its waiver. *See Board of County Commissioners v. Moreland,* 764 P.2d 812 (Colo.1988); *see also State v. Moldovan,* 842 P.2d 220 (Colo.1992).

In this case, it appears that the Department of Public Works administers contracts and supervises the construction of public improvements for the benefit of the City, as owner. Regardless of whether there is the requisite duty, there is, in our view, no waiver of immunity. Should an inspector of the Department of Public Works become aware, or negligently fail to become aware, of a "physical condition of a facility ... which constitutes an unreasonable risk to the health or safety of the public" in the course of construction, knowledge of that physical condition might be imputed to the City for purposes of determining whether it was known by the City to exist, or should have been known by the City to exist had the City exercised reasonable care.

■ The imputation of knowledge of such condition, however, is not alone sufficient to effect a waiver of immunity. The definition of "dangerous condition" requires, in addition, that the negligent act or omission of the public entity in constructing or maintaining the facility *proximately caused* the physical condition. Section 24–10–103(1), C.R.S.1998. A physical condition refers to a physical or structural defect in a public building. *Reynolds v. State Board of Community Colleges & Occupational Education,* 937 P.2d 774 (Colo. App.1996).

■ It is important to distinguish between whether the accident was proximately caused by the act or omission of the City, a traditional tort concept, and whether a physical condition was so caused. The failure to detect a physical condition by inspection in the course of construction performed by an independent contractor, does not "proximately cause," the physical condition. At most, it merely permits the physical condition to persist.

Therefore, in our view, governmental immunity is not waived solely by the failure of a public entity to inspect for, or negligently fail to detect upon inspection, a physical condition in a building resulting from construction by an independent contractor.

## II.

The City next argues that the trial court erred in failing to dismiss plaintiff's claim that the dangerous condition was caused by the failure of the City to maintain the Theater. Because the trial court's findings are insufficient for us to determine whether the physical condition causing the accident resulted from inadequate or negligent maintenance, we remand for further proceedings.

The duties of the public entity, for immunity purposes, to maintain does not include any duty to upgrade, modernize, or improve the design or construction of a facility. Section 24–10–103(1), C.R.S.1998; *Swieckowski v. City of Ft. Collins,* 934 P.2d 1380 (Colo.1997). It follows, therefore, that if the threshold was designed or constructed to protrude one inch above the surrounding surface and that protrusion constitutes the physical condition resulting in plaintiff's injury, then the City had no maintenance obligation to rectify that condition in order to remain immune from liability under the Act, and dismissal would be required.

There is a dispute as to whether the threshold was uneven, warped, loose, or some combination thereof, at the time of the accident. If those conditions constituted the physical condition which proximately caused plaintiff's injury, and they were proximately caused by the City's failure adequately to maintain the threshold, dismissal of the complaint against the City on the grounds of governmental immunity would not be appropriate.

In addition, in its order denying the City's motion to dismiss, the trial court recognized that there was an issue of fact regarding whether the threshold was constructed initially so that it protruded or it was initially flush with the floor and came to be protruding over time. As explained above, resolution of that issue could be determinative of the viability of plaintiff's claim.

Therefore, because the trial court did not make any findings resolving these disputed factual issues, we conclude that the cause must be remanded for additional proceedings. *See Fogg v. Macaluso,* 892 P.2d 271 (Colo.1995).

The trial court's denial of the City's motion to dismiss is reversed. The cause is remanded for further proceedings consistent with this opinion concerning whether a dangerous condition was caused by the City's failure to maintain the theater.

Judge JONES and Judge MARQUEZ concur.