Jerry MEDINA, Mary Medina, and Terri Hawkins, Plaintiffs–Appellees,

v.

The STATE of Colorado, Colorado State Highway Patrol, and State of Colorado Department of Transportation, Defendants–Appellants.

No. 98CA2424.

Colorado Court of Appeals, Div. IV.

July 20, 2000.

Rehearing Denied Aug. 17, 2000.

Certiorari Granted Jan. 29, 2001.

Miranda & Alonzi, P.C., Christopher A. Miranda, Denver, Colorado; Ronald A. Podboy, Denver, Colorado, for Plaintiffs–Appellees Jerry Medina and Mary Medina.

Harding & Associates, P.C., Phil Harding, Jeffrey Pederson, Englewood, Colorado, for Plaintiff–Appellee Terri Hawkins.

Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General, Michael E. McLachlan, Solicitor General, Elizabeth A. Weishaupl, First Assistant Attorney General, Denver, Colorado, for Defendants–Appellants.

Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General, Michael E. McLachlan, Solicitor General, Paul S. Sanzo, First Assistant Attorney General, Denver, Colorado, for Defendants–Appellants (On the Briefs).

Opinion by Judge ROY.

In this consolidated negligence action implicating the Colorado Governmental Immunity Act, § 24–10–101, et seq., C.R.S.1999 (the Act), defendants, the State of Colorado, Colorado State Highway Patrol, and the State of Colorado Department of Transportation (collectively the state), bring this interlocutory appeal from a trial court order denying their motion to dismiss the complaints filed by plaintiffs, Jerry and Mary Medina (the Medinas) in one action and Terri Hawkins (Hawkins) in the other action. We affirm in part, reverse in part, and remand for further proceedings consistent with the views expressed in this opinion.

Plaintiffs were passengers in a chartered bus transporting them to Blackhawk, Colora-

do, by way of U.S. Highway 6 and Clear Creek Canyon. At the time of the accident, it was, and had been for some time, raining. Plaintiffs allege that there had been flooding, rock slides, and/or other hazardous conditions on the highway rendering it unsafe for travel. A large boulder fell from the top of a "cut slope" of the highway through the roof of the charter bus into the passenger compartment, seriously injuring plaintiffs Jerry Medina and Hawkins.

The evidence is uncontroverted that: (1) the highway was built in a narrow canyon adjacent to a stream and was designed with "very steep highway clearance rock cuts" and without shoulders or ditches; (2) the stretch of highway on which the accident occurred was prone to falling rocks and, indeed, a rock had fallen on the highway at a different location approximately a mile and a half away earlier in the day; and (3) had the state installed a ditch catchment at the base of the slope, shoulders, rock bolting, wire mesh, or some combination of these facilities, the chances that the boulder would have reached the traveled portion of the roadway would have been substantially reduced.

In her amended complaint, Hawkins claims that the state negligently failed to maintain the highway by: (1) not maintaining the highway free from a dangerous condition, and (2) not installing devices to prevent boulders from falling on the highway. The state filed a motion to dismiss for lack of subject matter jurisdiction pursuant to C.R.C.P. 12(b)(1) and requested an evidentiary hearing.

In their original complaint, the Medinas alleged that the state failed to: (1) close the highway, (2) direct traffic to alternate routes, and (3) warn the public that the highway was unsafe for travel. While the state's motion to dismiss is not a part of this record, it appears from the response filed by the Medinas that, as in the Hawkins' case, the state filed a motion to dismiss on jurisdictional grounds pursuant to C.R.C.P. 12(b)(1) for lack of subject matter jurisdiction and requested an evidentiary hearing.

In response to the state's motion to dismiss, the Medinas filed an amended complaint together with a motion to amend their complaint. The amended complaint added a general allegation that the state had negligently failed to maintain the highway and to keep it free from dangerous conditions.

The trial court, in an omnibus order entered in both actions, *inter alia,* consolidated the cases, denied the state's motions to dismiss, and found that the state's failure properly to construct and maintain the highway created a "dangerous condition" within the meaning of § 24–10–106, C.R.S.1999. Further, the court found that all relevant evidence necessary to determine subject matter jurisdiction had been presented, that the underlying facts were undisputed, and that, therefore, the issues presented could be determined as a matter of law.

At the same time, but by separate action, the trial court granted the Medinas' motion to amend their complaint.

I.

At the outset, the parties disagree on the standard of review. Plaintiffs argue that the clearly erroneous standard, which gives great deference to the trial court's findings of fact, applies. The state argues that our review is *de novo.* We agree with the state.

■ The question of whether immunity has been waived under the Act is an issue of subject matter jurisdiction for the trial court's determination pursuant to C.R.C.P. 12(b)(1). *See Fogg v. Macaluso,* 892 P.2d 271 (Colo.1995); *Trinity Broadcasting of Denver, Inc. v. City of Westminster,* 848 P.2d 916 (Colo.1993).

■ Under C.R.C.P. 12(b)(1), the trial court's findings as to jurisdictional facts are entitled to deference and can be set aside only if clearly erroneous. However, when, as here, the underlying facts are undisputed, the issue is one of law, and the appellate court is not bound by the trial court's legal conclusion or determination. *See Swieckowski v. City of Fort Collins,* 934 P.2d 1380 (Colo.1997); *Johnson v. Regional Transportation District,* 916 P.2d 619 (Colo.App.1995).

■ In our view, the question presented is whether, based on undisputed facts, the

plaintiffs' injuries resulted from faulty design, construction, maintenance, or by breach of some other duty of the state for which immunity has been waived. Therefore, this is a question of law, and we review it *de novo.*

## II.

The state contends that the trial court erred in denying its motion to dismiss under C.R.C.P. 12(b)(1) or, in the alternative, when it failed to grant a hearing on the issues. We agree that denial of the motion to dismiss was error with respect to Hawkins' amended complaint regarding the installation of safety devices, and the allegations in the Medinas' amended complaint regarding the state's failure to close the highway, direct motorists to alternate routes, or warn motorists of the hazards.

As pertinent here, under the Act, the state is immune from liability except, *inter alia,* in an action to recover for injuries resulting from:

A dangerous condition of a public highway, road, or street which physically interferes with the movement of traffic on the paved portion. . . .

Section 24–10–106(1)(d)(I), C.R.S.1999.

Section 24–10–103(1), C.R.S.1999, defines "dangerous condition" as:

A physical condition of a facility or the use thereof which constitutes an unreasonable risk to the health or safety of the public, which is known to exist or which in the exercise of reasonable care should have been known to exist and which condition is proximately caused by the negligent act or omission of the public entity in constructing or maintaining such a facility. *Maintenance does not include any duty to upgrade, modernize, modify or improve the design or construction of a facility.* For the purposes of this subsection (1), a dangerous condition should have been known to exist if it is established that the condition had existed for such a period of time and was of such a nature that, in the exercise of reasonable care, such condition and its dangerous character should have been discovered. *A dangerous condition shall not exist solely because the design of any facility is inadequate.* (emphasis added)

Because governmental immunity is in derogation of Colorado's common law, the grant of immunity is to be strictly construed and its waiver liberally or deferentially construed. *See Walton v. State,* 968 P.2d 636 (Colo.1998)(waivers of immunity are deferentially construed); *Bertrand v. Board of County Commissioners,* 872 P.2d 223 (Colo. 1994)(grant of immunity is strictly construed).

### A.

We first address the Medinas' claim that the state breached a duty to close the highway, direct traffic to alternate routes, or warn the public that the highway was unsafe for travel because of adverse weather which heightened the possibility that boulders could fall on the highway.

For the purposes of this analysis we will assume that: (1) the state knew that the highway was in an unusually dangerous condition; (2) the knowledge imposed a duty on the state to warn motorists, close the highway, or reroute traffic; (3) the state breached that duty; and (4) the plaintiffs were injured as a result of the breach of duty. With those assumptions, the question with which we are presented is not whether the state is liable but whether the state has waived its immunity with respect to the claim.

We are not aware of any statutory language or any case authority that states, or holds, that the state has waived governmental immunity with respect to claims for failure to warn of a hazardous condition. Indeed, to the extent there is any authority, it is to the contrary.

The failure to warn of a hazard by posting warning signs is a design defect for which immunity has not been waived. *See Swieckowski v. City of Fort Collins, supra* (failure to post a sign warning of an end of widened portion of pavement); *Willer v. City of Thornton,* 817 P.2d 514 (Colo.1991)(failure to post sign warning of a dip in pavement); *Szymanski v. Department of Highways,* 776

P.2d 1124 (Colo.App.1989)(failure to post sign warning of blind spot).

We, therefore, conclude that there has been no waiver of governmental immunity for the state's failure to warn the highway users of the hazardous condition of the highway, issue a travel advisory, reroute traffic, or close the highway.

## B.

Hawkins' claim is that the state waived its immunity from actions for injuries arising from falling boulders because it breached its maintenance obligation, for which immunity has been waived, and by failing to install safety devices or take other sufficient measures which could have prevented the boulders from falling onto the highway. We agree that the state may be held liable for a failure to maintain the highway but find no waiver of immunity in regard to the installation of safety devices.

In *Swieckowski v. City of Fort Collins*, *supra*, our supreme court held that the word "maintain," as it appears in § 24–10–103(1), means to repair or restore a roadway to the same condition as originally constructed. Pursuant to this definition, the court held that a public entity was immune from liability for injuries plaintiff sustained when a road improvement suddenly ended, because the hazard was not the result of a negligent act or omission by the city in maintaining the roadways, but rather was a result of inadequate design.

■ Here, the state filed an unchallenged affidavit of an engineering geologist employed by the state who responded to the accident scene on the day of the accident and who had participated in a statewide study of rockfall hazards. According to the affidavit, the state has, since 1991, rated the section of highway on which the accident occurred in the category indicating the highest risk of rockfall activity. The affiant went on to say, in pertinent part:

I hiked up a depression to the west to verify the source of the rock fall. I inspected the slope and determined the rock had naturally dislodged from the top of the cut slope.

This area of the highway was designed with no shoulders, no roadside ditches and very steep highway clearance rock cuts. The design methods that would have mitigated the rock fall potential in this area would be a ditch catchment at the base of the cut slope, highway shoulders, rock bolting, wire mesh or a combination of these methods. It was the original design of the highway cut slope through this area that allowed the rock to reach the traveled portion of the road and not construction or lack of maintenance.

The statute specifically provides that immunity is not waived for defects in design, and changes to the design are not encompassed in the maintenance obligation for immunity purposes. Section 24–10–103; see also *Springer v. City & County of Denver*, 990 P.2d 1092 (Colo.App.1999)(*cert. granted* December 20, 1999).

Hawkins relies on *Schlitters v. State*, 787 P.2d 656 (Colo.App.1989), and its progeny, *Belfiore v. Colorado State Department of Highways*, 847 P.2d 244 (Colo.App.1993). In both *Schlitters* and *Belfiore*, the plaintiff was injured upon collision with a boulder which fell onto the highway. The court's review was limited to the allegations contained in the complaint which were taken as true. Both were decided before *City of Lakewood v. Brace*, 919 P.2d 231 (Colo.1996), and *Fogg v. Macaluso*, *supra*, in which the supreme court held that the trial court's review of jurisdictional issues pursuant to C.R.C.P. 12(b)(1) is not limited to the complaint and the allegations of the complaint need not be taken as true. Here, the uncontradicted affidavit of the engineer is a sufficient basis upon which to conclude that the modifications suggested by Hawkins are outside the scope of the state's maintenance obligation for which immunity has been waived.

Based on this record, we conclude that the state has not waived its immunity with respect to the claims asserted by Hawkins that the failure to install safety devices was included in its maintenance obligation. Therefore, it was error not to grant the state's motion for dismissal on jurisdictional grounds pursuant to C.R.C.P. 12(b)(1) as to this aspect of Hawkins' claim. To the extent that

*Schlitters* and *Belfiore* would require a different result, we decline to follow them.

Our view is not inconsistent with *State v. Moldovan,* 842 P.2d 220 (Colo.1992). In *Moldovan,* the plaintiff collided with a cow that had wandered onto the highway through an inadequately maintained fence constructed by the state at the right-of-way boundary. The court discussed the open-range law which requires landowners to fence livestock out, not in, as imposing a duty. For our purposes, however, it is important to note that the fence in *Moldovan* was a safety device installed by the state and not adequately maintained.

However, we are not holding that the state has no duty to maintain the highway and cut slope in their designed and constructed condition. We note that both the Medinas and Hawkins also allege that the state negligently failed to maintain the highway and keep it free from a dangerous condition. These general allegations are sufficient to encompass the state's obligation to maintain the highway and cut slope in their designed and constructed condition. The state's motions to dismiss, and, more importantly the affidavit submitted in support of the motions, do not address this issue. Therefore, in our view, the amended complaints are sufficient to survive the state's motion to that limited extent.

The order denying the state's motion to dismiss the Medinas' claim with respect to the alleged failure of the state to warn, divert traffic, or close the highway and Hawkins' claim with respect to the installation of safety devices is reversed and the cause is remanded with directions to dismiss as to those claims. The remainder of the order denying the state's motions to dismiss for a failure to maintain the highway and cut slope in their designed or constructed state is affirmed, and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

Judge MARQUEZ and Judge VOGT concur.